## Penitentiary Visitation.

*Penitentiaries—Visitation—Grand Jury of Philadelphia County—Acts of April 23, 1829, P. L. 341, April 16, 1846, P. L. 353, and May 14, 1909, P. L. 838.*

1. There is nothing in any of the acts relating to the visitation of the Eastern Penitentiary at Philadelphia which gives the Grand Jury of Philadelphia County the right to visit the penitentiary and interview the prisoners without the written permission of the penitentiary authorities.

2. If the Grand Jury of Philadelphia County, as a matter of right, were permitted to visit the Eastern Penitentiary, it would be equally proper that the grand juries of all other counties having prisoners confined therein should be accorded a similar privilege. Such a situation would be serious interference with the discipline and management of the prison.

3. Penitentiaries are state institutions, while county prisons are county establishments.

4. The Act of April 14, 1835, P. L. 232, giving the right to grand juries to visit the county prison of Philadelphia County, was a proper legislative enactment, inasmuch as grand juries have peculiarly the province of exercising a vigilant care over the public buildings and property of the county.

Department of Justice. Opinion to Mr. Alfred W. Fleisher, President, Board of Trustees of Eastern Penitentiary.

WOODRUFF, Att'y-Gen., March 18, 1924.—We have your letter of recent date, asking to be advised whether your board is required by law to permit the Grand Jury of Philadelphia County to inspect your institution and interview prisoners.

We understand that for many years it has been customary for the judges of Philadelphia County to instruct grand juries to visit the Eastern State Penitentiary. This custom, we are sure, originated through a desire on the part of the judges of Philadelphia County to co-operate with the State in the

4 D. & C.

proper management of your institution; but you have asked to be advised whether these visitations are authorized by law, and it is our duty to comply with your request.

The right to visit penitentiaries is regulated by the Act of April 23, 1829, P. L. 341, which provides in article VII, § 8, that:

"No person who is not an official visitor of the prisons, or who has not a written permission, according to such rules as the inspector may adopt, . . . shall be allowed to visit the same; the official visitors are the Governor, Speaker and members of the Senate, Speaker and members of the House of Representatives, the Secretary of the Commonwealth, the judges of the Supreme Court, the Attorney-General and his deputies, the President and Associate Judges of all the courts in the State, the Mayor and Recorder of the Cities of Philadelphia, Lancaster and Pittsburgh, commissioners and sheriffs of the several counties, and the acting committee of the Philadelphia Society for the Alleviation of the Miseries of Public Prisons.

"None but the official visitors can have any communication with the convicts. . . ."

The Act of April 16, 1846, P. L. 353, added to the list of official visitors of penitentiaries the Mayor of Allegheny.

The rights of official visitors of jails, penitentiaries and other penal and reformatory institutions of the Commonwealth are defined by the Act of May 14, 1909, P. L. 838. This act permits official visitors, under certain conditions, privately to interview prisoners, and for that purpose to enter their cells, rooms or apartments.

If grand juries generally, or the Philadelphia Grand Jury in particular, were official visitors of the Eastern Penitentiary, they would unquestionably have the rights conferred upon all official visitors by the Act of May 14, 1909. The Act of April 23, 1829, P. L. 341, did not, however, include the Grand Jury of Philadelphia County or the grand jury of any other county among the official visitors to the State's penitentiaries. Under the Act of 1829, therefore, grand juries are excluded from visiting State penitentiaries unless with the written permission of the penitentiary authorities; and if accorded such permission by the penitentiary authorities, they do not thereby become "official visitors" and are not permitted, except with the consent of the penitentiary authorities, to interview prisoners.

The situation with regard to visitation of the Eastern State Penitentiary is quite different from that which exists with regard to the Philadelphia County Prison. The Act of April 14, 1835, § 8, P. L. 232, 236, designates the official visitors of the Philadelphia County Jail. Among such visitors are the Grand Juries of the Court of Oyer and Terminer of the County of Philadelphia.

That grand juries should be designated as official visitors of county jails, but should not be named as official visitors of the penitentiaries, is entirely consistent with the difference between the management and control of these respective institutions. The county jails are distinctively county institutions, and grand juries have "peculiarly the province of exercising a vigilant care over the public buildings and property of the county, and in recommending improvements, extensions or new structures to meet the growing needs of the county's legal and official business:" Bierly on Juries and Jury Trials, 119. The penitentiaries, on the other hand, are State property, managed by boards of trustees appointed by the Governor and having no relationship whatever to the counties in which they exist except the fact that they happen to be located in such counties. The counties are not responsible for their maintenance or management, and exercise no voice in their control.

### Penitentiary Visitation.

If the Grand Jury of Philadelphia, as a matter of right, were permitted to visit the Eastern Penitentiary, it would be equally proper that the grand juries of every other county having prisoners confined in the Eastern Penitentiary should be accorded a similar privilege. There are thirty-three such counties, in addition to Philadelphia County, namely, the Counties of Adams, Berks, Bradford, Bucks, Carbon, Chester, Columbia, Cumberland, Dauphin, Delaware, Franklin, Lackawanna, Lancaster, Lebanon, Lehigh, Luzerne, Lycoming, Monroe, Montgomery, Montour, Northampton, Northumberland, Perry, Pike, Schuylkill, Snyder, Sullivan, Susquehanna, Tioga, Wayne, Union, Wyoming and York. Were the privilege of visiting the Eastern Penitentiary to be granted to and exercised by the grand juries of thirty-four counties, the discipline and management of the penitentiary might very well suffer serious interference as the result of a multiplicity of visitations and inspections. The legislature, therefore, wisely failed to name any county's grand jury as among the official visitors of the penitentiary.

We express no opinion on the question whether the custom of having your institution visited by Philadelphia Grand Juries should be continued. That is a practical question to be determined by the judges of Philadelphia County and your board. We are merely advising you that, as a matter of law, your board has the right to control such visitations, and, if they continue, to determine to what extent grand jurors may interview inmates of your institution.

From C. P. Addams, Harrisburg, Pa.